### C. P. CARLSON v. STATE.

No. A-4622. Opinion Filed Jan. 30, 1925.
(232 Pac. 858.)

(Syllabus.)

**Intoxicating Liquors—When Circumstantial Evidence Insufficient to Sustain Conviction for Unlawful Possession.** Where a judgment of conviction for possession of intoxicating liquor with intent to sell rests upon slight circumstantial evidence, and the defendant positively denies possession, proves previous good reputation, and there are other facts in evidence which reasonably explain the circumstances consistent with the innocence of the accused, a judgment of conviction is not warranted, and will be reversed.

Appeal from County Court, Woods County; L. T. Wilson, Judge.

C. P. Carlson was convicted of having possession of intoxicating liquor, and he appeals.   Reversed.

J. W. Barry, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J.   The principal assignment of error is that the evidence is insufficient to sustain the judgment. Briefly summarized, the evidence is that certain officers searched the residence of plaintiff in error and found a small fruit jar containing a little whisky.  Some of the testimony refers to it as a pint jar, and others to a quart jar, and, on a further search of a granary, about 500 yards away from the house on another tract of land belonging to plaintiff in error, a three-gallon jug was found covered up in some kaffir corn and broom corn seed containing some whisky, estimated to be about a third full.  One or two of the witnesses for the state testified that they found two barrels with some rye in them; "old mash, probably some had been used," and found "a little piece of wire.  I don't know whether you would call it a coil or not," and on cross-examination the witness testified that by "mash" he merely meant that rye and barley had been soaked.

The plaintiff in error testified that he had no knowledge of the whisky found in the jug in the granary.  His son testified that his father was gone for some three weeks or longer, serving on the jury and in town, a short time prior thereto, and during that time one McIntyre, who lived near, put the whisky in the granary because his wife would not let him carry it home.  Another witness testified that during that time he saw McIntyre going in the direction of this place with a jug.  The previous good reputation of the plaintiff in error was not questioned.

Where the evidence is wholly circumstantial, the circumstances should be, not only consistent with the guilt

of the accused, but inconsistent with any other reasonable hypothesis. We believe the evidence introduced under the circumstances is not sufficient to sustain the conviction, and the case is reversed.

BESSEY, P. J., and DOYLE, J., concur.